### JACKSON *v.* UNITED STATES (No. 463).[1]

BRECCIA, A SPECIES OF MARBLE.

>The provisions of the tariff act of 1909, construed *in pari materia* show a purpose to classify breccia and marble alike for dutiable purposes; to make them, whenever in similar conditions, dutiable at the same rate. "Marble," too, and "breccia in blocks" are more specific terms than "minerals crude or not advanced in value or condition," and moreover, according to the rule, where there are two provisions applicable, the one carrying the higher rate must be applied, breccia is held to be dutiable by similitude as marble under paragraph 111, tariff act of 1909.

United States Court of Customs Appeals, May 22, 1911.

APPEAL from Board of United States General Appraisers, G. A. 7073 (T. D. 30797).

[Affirmed.]

*Walden & Webster* for appellant.

*D. Frank Lloyd*, Assistant Attorney General (*Charles E. McNabb* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal is to determine the dutiable classification of breccia under the tariff act of 1909. There is involved a question of law, no serious controversy being had as to the facts.

---

[1] Reported in T. D. 31629 (20 Treas. Dec., 1083).

Breccia unquestionably is a species of marble. These invoices characterize a part of this importation at least by the term "marble" with certain descriptive words added, for example, "invoice of Numidian marbles, variety breche sanguine." It was agreed by all the witnesses who testified that breccia is used either with marble or independently as marble is used in interior decorations and for other purposes. While there may be certain qualities about breccia that might render it unfit for some of the purposes for which certain species of marble is suitable, it nevertheless is of the same genus limestone, and probably does not differ any more from some of the species of marble than other species of that stone would differ one from the other.

In the briefs and at the hearing counsel for the appellant, who is the importer, and counsel for the Government, in support of their opposite contentions invoked many well-known rules of classification applicable to customs law.

For many years, and under different tariff acts, breccia was provided for *eo nomine* as free. This is true of the tariff acts of 1883, 1890, 1894, and 1897. Prior to the tariff act of 1883 it was provided for *eo nomine* in different tariff acts, sometimes as dutiable and sometimes as free. Marble, likewise, in all of these acts was provided for *eo nomine*, with varying modifying phrases as to condition and manufacture.

In the tariff act of 1897 breccia was provided for in the free list specifically as "breccia, in blocks or slabs," and did not appear in any of the dutiable provisions.

In the various steps of the enactment of the tariff act of 1909, breccia was the subject of consideration. The House struck it out of the free list, but did not name it as specifically dutiable. The Senate did not change the provisions of the free list, but expressly inserted it in paragraphs 111, 112, and 114. In paragraph 112 it was inserted among the provisions for "Marble, breccia, onyx * * * wholly or partly manufactured * * *." In paragraph 114 it was inserted as excepting breccia from the provisions of that paragraph as made applicable to "Freestone, granite, sandstone, limestone, * * * not specially provided for * * * hewn, dressed, or polished * * *." In paragraph 111, under which the Government here claims the merchandise dutiable, it was inserted by enumeration with marble and onyx. In conference, paragraphs 112 and 114 were not in this respect changed, but breccia *eo nomine* was stricken out of the provisions of paragraph 111, which as enacted reads:

111. Marble and onyx, in block, rough or squared only, sixty-five cents per cubic foot; marble and onyx, sawed or dressed, over two inches in thickness, one dollar per cubic foot; slabs or paving tiles of marble or onyx, containing not less than four super-

ficial inches, if not more than one inch in thickness, eight cents per superficial foot; if more than one inch and not more than one and one-half inches in thickness, ten cents per superficial foot; if more than one and one-half inches and not more than two inches in thickness, twelve and one-half cents per superficial foot; if rubbed in whole or in part, two cents per superficial foot in addition; mosaic cubes of marble or onyx, not exceeding two cubic inches in size, if loose, one-fourth of one cent per pound and twenty per centum ad valorem; if attached to paper or other material, five cents per superficial foot and thirty-five per. centum ad valorem.

The Board of General Appraisers held the merchandise dutiable under the provisions of paragraph 111 by similtude. The appellant contends that it is free of duty under the provisions of paragraph 626 of the free list of the act of 1909, which reads:

626. Minerals, crude, or not advanced in value or condition by refining or grinding, or by other process of manufacture, not specially provided for in this section.

We may note in passing, for the purposes of consideration, that in paragraph 508 of the tariff act of 1897 breccia was provided for in the free list as follows:

508. Breccia, in blocks or slabs.

It is maintained by the appellant that inasmuch as certain manufactures of breccia are expressly provided for in paragraph 112 of the act of 1909, and was expressly excepted from the provisions of paragraph 114 of that act, that its insertion in paragraph 111 by the Senate and subsequent elimination therefrom in conference, indicated the intention of Congress to treat marble and breccia as different dutiable entities in contemplation of the tariff laws, and that this contention is further supported by the long-established practice of Congress in legislating with reference to each specifically.

While there is great force in this claim as a constructive postulate it is by no means conclusive of the case.

We think the action of Congress as witnessed in all of the provisions *in pari materia* shows a fixed purpose in the tariff act of 1909 to classify breccia and marble alike for dutiable purposes, and to make them in all similar conditions dutiable at the same rate. The importers' contention in this case conduces to that conclusion. In the solution of the problem presented, therefore, it must be approached ever bearing in mind that the general purpose of Congress was to make breccia dutiable and not free.

In the first place, the importers concede an obvious fact that paragraph 508 of the tariff act of 1897 was rejected, and that the claim of the importers for free breccia, if any such, must be maintained under paragraph 626 of the tariff act of 1909. This conceded fact is the first which tends to establish the intention of Congress to treat marble and breccia alike and make them in like conditions dutiable at the same rate. The provisions of paragraph 508 of the tariff act of 1897 making breccia in blocks or slabs free having been dropped, a much more limited provision for such, if at all applicable, was provided by

Congress, to wit, paragraph 626 of the tariff act of 1909. While there were no limitations whatsoever upon free breccia in paragraph 508, except that of being in blocks or slabs, in the provisions of paragraph 626 for crude minerals it must not only be crude but "not advanced in value or condition by refining or grinding, or of other process of manufacture," a more limited provision. If any classes of marble were free they would be free under paragraph 626 only, and if as contended by appellant Congress confined free breccia to this paragraph by striking out the express provision therefor, it put all free marble and breccia upon the same basis, and in so doing narrowed the classes of free breccia. Furthermore, by dropping the provisions of paragraph 508 of the tariff act of 1897 and confining all free breccia, if any such, to paragraph 626 of the tariff act of 1909, Congress not only put free breccia and free marble, if any such, in the same category, but it made all that did not come in free of duty under this provision dutiable under the provisions of paragraph 111 with marble, or 114 with manufactures of marble. This was accomplished not alone by the elimination of the free provision for breccia in the tariff act of 1909, but also by the excepting of certain breccia as it did similar marble from paragraph 114 of that act.

The purpose of paragraph 111 manifestly is to exclude from the provisions thereof such marble, onyx, and breccia which might otherwise fall within the provisions of that paragraph. This paragraph bears witness to the intent of Congress to treat alike for dutiable purposes marble and breccia.

Further evidence of this intention is found in paragraph 112, where the Congress by the act of 1909 expressly, though possibly out of an abundance of caution, inserted the word "breccia," putting it in the same classification with and dutiable at the same rate as marble when in the same condition.

With these accumulated evidences of the intent of the framers of the tariff act of 1909 to treat breccia and marble in all similar forms alike, both when free and for dutiable classification and rates of duty, before us, and the perfectly patent and expressed intention upon the part of Congress to make breccia dutiable, we are bound to proceed to the inquiry at hand with the purpose of giving effect to that intent if permitted by the rules of law and language of the statute.

It may be instructive to inquire the exact status of matters when the conference and the Congress in its final action had before it paragraph 111, and struck therefrom the word "breccia."

Presumably it had before it the case of United States *v.* Jackson *et al.* (113 Fed. Rep., 1000), decided by the United States Circuit Court for the Southern District of New York, which had held that under the provisions of the tariff act of 1897 breccia in blocks or slabs was entitled to free entry under paragraph 508 of that act. It had before it the provisions of paragraph 114 of the tariff act of 1897,

which were substantially identical with those of 111 of the tariff act of 1909, so far as pertinent.    The court had decided that *by reason of the provisions of paragraph 508* of the tariff act of 1897 breccia, which otherwise would fall within paragraph 114 of that act and 111 of the act of 1909, was free of duty.

But breccia, as provided in paragraph 508 of the act of 1897, was no part of the act of 1909, and hence there was an inferential adjudication before Congress that the provisions of paragraph 111 of the act of 1909, as before them, would include such breccia as these importations without that word being inserted in the paragraph.    The only necessary thing to make certain of this in all cases would be to insert it *eo nomine* in paragraph 114, so as to exclude it from the provisions of that paragraph, and to insert it *eo nomine* in the provisions of paragraph 112, so as to levy the higher rates upon breccia when further advanced than in paragraph 111, which Congress did, and in so doing provided for both as to classification and rates of duty, when in similar conditions, precisely the same.

When the Congress eliminated from the law the precise provision which had been construed would keep breccia out of the provisions of paragraph 111 and make it free, we can not find any inference that it intended to continue it free.    It eliminated that which made it free.

With these accumulated evidences of the intent of Congress before us we do not see how the court can exclude from the paragraph something clearly included within its language, though it was momentarily thought necessary by one branch of the Congress to expressly include it by species but subsequently abandoned.

In United States *v.* Jackson *et al.* (113 Fed. Rep., 1000) the United States Circuit Court for the Southern District of New York held that under the tariff act of 1897 breccia in blocks or slabs was entitled to free entry, notwithstanding the fact that paragraph 114 of that act was in all essential particulars the same as paragraph 111 of the act of 1909.    Counsel for appellant deduces from this that inasmuch as similar language has been construed by the court, and Congress adopted that language in the act of 1909, the same construction must be here given.    But United States *v.* Jackson *et al.* did not construe essentially the same language.    The competing paragraph there was paragraph 508 of the free list of 1897, which precisely enumerated such breccia, and which was construed in contest and together with paragraph 114 of the dutiable list of that act. Breccia not having been placed in the free list, *eo nomine*, of the tariff act of 1909, an entirely different statutory status is presented. The law *in pari materia* is entirely different.

Counsel for the importer now turns to another provision of the tariff law, as against the provision the subject of construction in the

Jackson case. This provision is 626 of the free list, which provides for minerals crude, as against the provision of paragraph 111, which provides for "marble, * * * in block, rough or squared only, * * *." For that reason that case is not controlling here.

We therefore approach the question whether or not breccia, an admitted species of marble, is or is not embraced within the terms of paragraph 111, or 626 of the free list, of the act? In so doing, we come impressed by the cognate law and rules of construction that it was the intent of Congress to make breccia dutiable. The force of any intendment deduced from the dropping in conference of the word, inserted by the Senate only, from the paragraph is not so great as where Congress in reenactment has eliminated a word previously existing in that law. This action might be construed an admission of its lack of necessity to carry out the intention of Congress everywhere else made apparent. In any event its force as an evidence of intent is certainly neutralized by the unmistakable evidences of the Congressional intent everywhere else manifested, and insufficient to exclude from paragraph 111 merchandise plainly, unmistakably, and admittedly within its express language. Breccia admittedly being a species of marble is undeniably included in the term "marble" as used in paragraph 111. There certainly is no contrary intent in anywise here shown, and the words of the act are plain and unambiguous.

There is no question but that the importation falls within each of the paragraphs invoked. It is a species of marble, imported in rough blocks. It is a mineral, crude. No language could have been employed by Congress which would more accurately describe the importation. The question is, which paragraph prevails over the other.

The authorities upon this subject are uniform.

There is no safer or better-settled canon of interpretation than that when language is clear and unambiguous it must be held to mean what it plainly expresses, and no room is left for construction. Knox Co. *v.* Morton (68 Fed. Rep., 787–789); Railway Co. *v.* Sage (71 Fed. Rep., 40–47); Railway Co. *v.* Phelps (137 U. S., 528–536); Lake County *v.* Rollins (130 U. S., 662, 670, 671).

It requires no citation or argument to show that "marble," breccia, "in blocks" is more specific than "minerals, crude, or not advanced in value or condition by refining or grinding, or by other process of manufacture." Moreover, as between the two paragraphs one provides a duty and the other does not, and we are confronted with a mandatory provision of Congress in section 7 that where merchandise falls equally within two paragraphs, the one imposing the higher rate of duty is applicable. For these reasons we are of the opinion that the merchandise is directly dutiable under paragraph 111 as a species of marble, and the decision of the Board of General Appraisers should be accordingly *affirmed.*